IN THE UNITED STATES DISTRICT COURT,
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **EDWARD TYRONE RIDLEY,** : | |
| : | |
| Petitioner : | |
| : | |
| VS. : | |
| : | CIVIL NO. 5:16-CV-0172-MTT-MSH |
| Warden CONLEY, : | |
| : | |
| Respondent. : | |

# ORDER

Petitioner Edward Tyrone Ridley filed an application for federal habeas corpus relief in this Court to challenge the possible conditions of his future probation or parole.[1] After conducting a preliminary review of Petitioner's application, the Court found that Petitioner both lacked standing to challenge conditions not yet imposed and failed to properly exhaust his claims in the state courts prior to filing. *See* Order, May 26, 2016, ECF No. 4. His petition was thus dismissed and judgment was entered on May 26, 2016. Petitioner has now filed a motion to proceed *in forma pauperis* on appeal (ECF No. 6) and three responses to the Court's order of dismissal (ECF No. 7, 8, 9), which are collectively construed as a motion for reconsideration or relief from judgment, *see* Fed. R. Civ. P. 65.

---

1 In the caption of his pleading (ECF No. 1), Petitioner referenced "42 U.S.C. §§ 1983, 1982, 1981, 1985; 1331; 9-5-1." The pleading, however, was construed as an application for habeas relief based both on Petitioners use of a habeas form and the type of relief sought. If Petitioner wishes to bring a civil rights claim, he must file a separate action.

I.        **Motion for Reconsideration**

In his post-judgment filings, Petitioner claims that the Court clearly erred in dismissing his application for lack of standing.  He then clarifies his claims by further explaining the events giving rise to his petition.  According to the pleadings, Petitioner was convicted in Bay County, Florida, in 1995 of "attempted sexual battery . . . with no likely injury"; and a subsequent judicial determination by that court in 1997 placed him on the Florida sex offender registry.[2]  Petitioner later moved to Georgia and was convicted of "failure to register" as a sex offender under O.C.G.A. 42-1-12 by the Crisp County Superior Court.  Petitioner states, however, that he was not provided due process prior to either the 1997 determination by the Florida court or his being subject to Georgia's sex offender registry.

Petitioner believes that he has been wrongfully convicted of violating the Georgia laws regarding the registration of sex offenders, as those laws do not apply to him, and that he thus also cannot be lawfully subjected to the parole and probation terms imposed on sex offenders upon his future release.  Petitioner was apparently granted probation on January 27, 2016, under the restrictive conditions for sex offenders after his Crisp County conviction, but according to Petitioner, those terms were "violated" on February 5, 2016; and he is now completing the remainder of his sentence in Washington State Prison.

---

2 Petitioner states that he was placed on the Florida sex offender registry, under § 993.0435, Fla. Stat., in October 1997 after an erroneous judicial determination that he had been convicted of a prior repetitive felony under § 800.04(5), Fla. Stat.  Petitioner does not appear to now bring a claim with respect to either Florida judgment.  However, if Petitioner does wish to challenge the validity of a conviction or judgment by the State of Florida, that application must be filed in a Florida court.  *See* 28 U.S.C. § 2241(a).  This Court lacks jurisdiction to consider the claim. *Id*.

Petitioner has also recently filed a state habeas action in the Washington County Superior Court, Case No. 16-cv-213, regarding the February of 2016 probation revocation and is scheduled for a hearing in that case on August 31, 2016.

Based on his post-judgment filings, it appears that the Court initially misunderstood the extent of Petitioner's claims. He now petitions the Court to vacate (1) his Crisp County conviction for violation of O.C.G.A. § 42-1-12 (as he believes that he does not satisfy the requirements for application of the statute) and/or (2) the revocation of his probation in 2016. As previously understood, Petitioner also seeks a judicial determination as to whether the Georgia sex offender statutes are properly applied to him and thus a finding as to whether he is subject to the terms and conditions of parole imposed on sex offenders when he is released. Petitioner states that his release is imminent – occurring either when he is successful in his state habeas action on August 31, 2016, or on his maximum release date, November 11, 2016.

In light of this, the Court agrees that Petitioner's motion for reconsideration should be granted. The newly alleged facts are, however, still not sufficient to save Petitioner's claims from *sua sponte* dismissal. It is plain on the face of his pleadings that Petitioner has not yet exhausted state remedies with respect to his 2016 probation revocation (as he has plainly shown that his state habeas case relevant to that conviction is still active). *See* Objection, ECF No. 9, at 2. That claim is thus not yet ripe for federal review and must be dismissed without prejudice to Petitioner's right to refile after he has fully exhausted his state remedies. *See also Gore v. Crews*, 720 F.3d 811, 815 (11th Cir. 2013) ("If a

petitioner fails to exhaust his state remedies, a district court must dismiss the petition without prejudice to allow for such exhaustion."). Petitioner's habeas claim as to his Crisp County conviction is also properly dismissed without prejudice as that claim is duplicative of one already pending in federal court. *See Curtis v. Citibank, N.A*, 226 F.3d 133, 138 (2nd Cir. 2000) ("court may stay or dismiss a suit that is duplicative of another federal court suit"). Inasmuch, Petitioner has an active habeas case in this Court challenging the validity of his Crisp County conviction for failure to register, *Ridley v. Conley*, 1:16-cv-108 (LJA).

The Court also again finds that Petitioner is not now entitled to a judicial determination under § 2254 regarding the terms and conditions of a probation or parole that have not yet been imposed. The essence of Petitioner's claims, as to both of his convictions, is that he should not be subject to the probation and parole conditions imposed upon sex offenders in Georgia because Crisp County erred in finding that he was a sex offender under Georgia law, specifically § 42-1-12. A favorable ruling on Petitioner's probation claim – i.e., *a finding that Petitioner is not subject to the requirements and limitations imposed on sex offenders in Georgia* – would thus necessarily invalidate or at least call into question Petitioner's Crisp County conviction for failure to register and would require findings on issues currently before a state court in another habeas action. The proper vehicle for raising Petitioner's claims is thus not a new action, but his other pending habeas actions, *supra*.

Therefore, while Petitioner's motion for reconsideration and/or to set aside, *see* Fed.

4

R. Civ. P. 65, will be **GRANTED**, and the May 26, 2016, Order **VACATED**, the present habeas application shall still be **DISMISSED WITHOUT PREJUDICE** for those reasons stated herein.  *See* 28 U.S.C. § 2254 Rule 4 (requiring a summary dismissal of habeas claim when it "plainly appears from the face of the petition that the petitioner is not entitled to relief in the district court.").

## II.     Denial of a Certificate of Appealability

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Before he may appeal, the district court must first issue a certificate of appealability ("COA").  *See* 28 U.S.C. § 2253(c)(1); 28 U.S.C. §2254, Rule 11(a).  To merit a COA in this case, Petitioner must show that reasonable jurists would find debatable both (1) the merits of an underlying claim and (2) the procedural issues he seeks to raise. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  Petitioner has not satisfied either requirement. No reasonable jurist would find it debatable whether Petitioner has states a valid claim for the denial of a constitutional right or find it debatable whether the Court was correct in its procedural rulings.  A COA is therefore **DENIED**.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving denial of COA before movant filed a notice of appeal).

## III.    Motion to Proceed *in forma pauperis* on Appeal

Finally, Petitioner has filed a motion to proceed *in forma pauperis* on appeal from the dismissal.  The motion is **DENIED**.  Petitioner has neither filed a notice of appeal nor been granted a COA.  The Motion is thus **MOOT**.

        **SO ORDERED**, this 23rd day of August, 2016.

                                <u>S/ Marc T. Treadwell</u>
                                MARC T. TREADWELL, JUDGE
                                UNITED STATES DISTRICT COURT